PHILIP R. CLARK, RESPONDENT, v. NANCY BRUCE, EXECUTRIX, ETC., OF SETH HARRINGTON, DECEASED, APPELLANT.

*Experts — opinions of.*

The opinions of experts are only admissible, when it appears from the nature of their avocations, or from their testimony concerning their experience, that the matter inquired about involves some degree of science or skill which they have made use of, so that from experience, they can answer the question propounded, with more accuracy than others, who may not have been called upon to employ science or exercise skill on the subject.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*A. Thorn,* for the appellant.

*C. C. Torrance,* for the respondent.

TALCOTT, J.:

This is an appeal from a judgment entered for the plaintiff on the report of a referee. The action is upon three promissory notes alleged to have been made by the testator to the plaintiff, one for $500 and one for $490, payable on the 1st days of April and May, 1856, and one payable one day after date, made October 4, 1872. The defense attempted to be made to the first two notes payable in April and May, 1856, was the statutes of limitations, and the defense to the note of October 4, 1872, was forgery. The plaintiff sought to take the first two notes out of the operation of the statute of limitations by showing various payments of interest upon the said notes, the last of which was on the first day of July, in the year 1871.

The testimony in the case took a wide range and involved an inquiry as to numerous facts of more or less materiality, bearing upon the questions principally litigated between the parties. The referee reported, in substance, that the testator made the three notes sued on, and that he had paid on each of the notes which were payable in 1856, as follows:

| | |
|---|---:|
| June 13, 1858 | $15 00 |
| July 3, 1862 | 10 00 |
| May 22, 1866 | 15 00 |
| July 1, 1871 | 10 00 |

And that nothing had been paid on the note dated October 4, 1872, and reported ordering judgment for the plaintiff for the amount of all the notes, deducting the payments aforesaid.

The counsel for the appellants present twenty-one formal points on this appeal, most of which are objections to the ruling of the referee as to matters within his discretion, such as the permitting of leading questions and allowing questions to be put to witnesses for the plaintiff, after he had once rested, to establish facts which the appellant's counsel insisted were a part of the affirmative case of the plaintiff, and allowing witnesses to testify over again to facts which they had already testified to and touching the relevancy of various facts proved by the witnesses, the relevancy of which grew out of the testimony of other witnesses and was more or less remote, and objections to the findings of the referee on the facts. As to the findings on the facts it suffices to say that there was not only evidence in the case to sustain them, but there was a clear and decided preponderance of evidence leading to the conclusions of fact at which the referee arrived. There appears to us to be only two classes of exceptions to which any more specific attention is required. On the examination of the plaintiff's witness, Caroline M. Clark, she had testified to the payment of ten dollars on each of the two notes payable in 1856, and to the indorsement of such payments by the plaintiff upon the said notes in the presence of the testator. On the cross-examination of the witness the defendant had inquired in reference to the other payments and indorsements, and on such cross-examination she had testified, in response to the inquiries of the defendant, that she also witnessed the payments of June 13, 1858, January 3, 1862, and May 22, 1866, and the indorse-

ments thereof at the time, in the presence of the testator. At a subsequent period of the trial the defendant called as a witness in his behalf Stephen Lockwood, as an expert, who stated that he was an attorney at law " and had had occasion to examine old and new writings," and being shown the indorsements of June 13, 1858, and January 3, 1862, on the two notes, the defendant's counsel asked him : " In your opinion were the indorsements of June 13, 1858, written there upon the notes as long ago as they bear date ? And the question was subsequently varied by asking him whether the indorsements of June 13, 1858, and January 3, 1862, were apparently written at the same time and with the same pen and ink ? To the testimony so offered the plaintiff's counsel objected on various grounds, and the evidence was excluded by the referee, to which exclusion the defendant took exception. The only material question was as to the payment and indorsement of July 1, 1871, and the first answer which occurs in respect to the exception of the defendant excluding the testimony of Lockwood is, that the testimony concerning the payments and indorsement of 1858 and 1862, being immaterial to the issue, and only affecting the question of the credibility of the witness Caroline M. Clark, the defendant could not be permitted to contradict her in this particular. The defendant had raised the question herself upon her cross-examination, and as to a collateral matter, it was not permissible for her to contradict the testimony of the witness by whom she had proven the indorsement of 1858 and 1862. But besides this, it does not appear that Mr. Lockwood was competent as an expert to answer the questions propounded to him. He says simply, " I have had occasion to examine old and new writing," which might be testified to by almost any person, without professing any particular science or skill on the subject. The opinions of experts are only admissible, when it appears from the nature of their avocations, or from their testimony concerning their experience, that the matter inquired about involves some degree of science or skill which they have made use of, so that from experience they are fitted to answer the question propounded with more accuracy than others, who may not have been called upon to employ science or exercise skill on the subject. It did not appear from the examination of Mr. Lockwood that he had, or could exercise any greater degree of science or skill

in the examination of the subject, with a view of giving a correct answer to the question put to him, than any ordinary person. We think, therefore, that the referee was correct in excluding the questions proposed to Mr. Lockwood, for both the reasons before mentioned. After the defendant had rested her defense the plaintiff was called as a witness, and gave evidence touching transactions which occurred with the testator in his lifetime, which evidence was objected to by the defendant as being transactions and communications with a person deceased, offered in evidence in an action against his executrix. The answer to this objection may be found in the fact that Mrs. Bruce, the defendant and executrix, who was the universal legatee of the testator, had been examined in her own behalf touching such transactions or communications (*Dubois* v. *Baker*, 30 N. Y., 355; *Howell* v. *Van Siclen*, 6 Hun, 115) and in her testimony had made statements and endeavored to give a coloring to the transactions which, according to the testimony of the plaintiff, was not justified by the facts. So far as we observe, the plaintiff in his examination, which involved any transaction or communication with the testator, was confined closely to those subjects in relation to which Mrs. Bruce had been examined in her own behalf, and this being so, his testimony is expressly excepted from the prohibition of the three hundred and ninety-ninth section of the Code.

The judgment is affirmed.

Present — Talcott, P. J., Smith and Merwin, JJ.

Judgment affirmed.